IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Statesboro Division

FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Augusta, Georgia
By Lenaann Casalino at 2:14 pm, Apr 05, 2011

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 CASE |
| RAYMOND TODD DISMUKE | ) | NUMBER <u>10-60857</u> |
| MELISSA JULIE DISMUKE | ) | |
| | ) | |
| Debtors | ) | |

### <u>ORDER STRIKING REQUEST FOR LEAVE TO FILE CONVENTIONALLY<br>AND STRIKING PROOF OF CLAIM</u>

This matter is before me sua sponte on the failure of attorney Jefferson B. Fairchild to respond to a Notice for Pro Hac Vice Compliance ("Notice") in connection with the Request for Leave to File Conventionally ("Request") that Fairchild submitted on behalf of SunSource Financial, a creditor in this case. An attorney who is not admitted to the bar of the United States District Court for the Southern District of Georgia ("Southern District") may not plead or appear in a bankruptcy case to represent a client without being admitted pro hac vice. Accordingly, Fairchild, who is not admitted in the Southern District, may not file pleadings in this bankruptcy case. The Request thus cannot be considered and is therefore stricken. Also stricken is the proof of claim of SunSource Financial that Fairchild submitted for conventional filing.

AO 72A

(Rev. 8/82)

In accordance with Rule 5005(a)(2) of the Federal Rules of Bankruptcy Procedure, the United States Bankruptcy Court for the Southern District of Georgia ("Bankruptcy Court") has established practices and procedures that require, with exceptions not relevant here, the electronic filing of all documents submitted to the Court:

> Unless otherwise expressly provided . . . all petitions, motions, memoranda of law, claims, or other pleadings and documents shall be filed electronically using the Electronic Case Files (ECF) system, or shall be scanned and uploaded, unless otherwise required or permitted by the Court.

ECF Local Rule 1, effective October 1, 2010, http://www.gasb.uscourts.gov/pdf/ECF_LocalRules.pdf. The Court may authorize conventional filing upon application and for good cause shown. Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means ("Administrative Procedures") § III, http://www.gasb.uscourts.gov/pdf/MandatoryAdministrativeProcedures_October2010.pdf.

The electronic filing requirement applies to all attorneys, whether or not admitted to practice in the Southern District. See id. § II.A.1.b. ("A judicial waiver will be required for attorneys to file documents conventionally.") Moreover, specifically as to proofs of claim, "Attorneys that file claims for themselves, their firms, or on behalf of any

2

other entity must file all claims electronically . . . ." Id. at § II.A.1.g.

Notwithstanding the provisions of ECF Local Rule 1 and the Administrative Procedures, Fairchild submitted for conventional filing a proof of claim for creditor SunSource Financial. Accordingly, the Clerk's office on November 4, 2010, issued a Notice of Non-Compliance with Mandatory Electronic Filing that provided in relevant part that Fairchild had fourteen days to comply with the electronic filing requirements or, if unable to comply, could seek permission to file conventionally.

Approximately one week later, Fairchild submitted the Request. Fairchild did not, however, file a motion to proceed pro hac vice, as is also required for attorneys under the Local Rules for the Southern District and the Local Rules for the Bankruptcy Court. See LR 83.4; LBR 2090-1.

On January 4, 2011, the Clerk's office issued the Notice, referencing the Request and informing Fairchild of the requirements for pro hac vice admission. (Case Dkt. No. 29.) The Notice stated that the Request would be held in abeyance pending Fairchild's compliance with the pro hac vice admission procedure. (Id.) Three months later, Fairchild has not responded to the Notice in any way.

The Request for Leave to File Conventionally is therefore **ORDERED STRICKEN**, and

3

**FURTHER ORDERED** that the proof of secured claim of SunSource Financial in the amount of $2,236.75 is **STRICKEN**.

_____
JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 4th day of April, 2011.

AO 72A
(Rev. 8/82)